IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRIAN D SWANSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRAD RAFFENSPERGER,<br>*Secretary of State for the State of Georgia.*<br><br>　　　　Defendant. | Civil Action No.:<br>1:22-cv-152-JRH-BKE |

**BRAD RAFFENSPERGER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS COMPLAINT**

Brad Raffensperger, Secretary of State for the State of Georgia, through counsel, submits this brief in support of his Motion to Dismiss Plaintiff's Complaint, (Doc. 1), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## INTRODUCTION

This is Swanson's third attempt to overturn a Georgia Senatorial election based on the patently frivolous legal theory that the Seventeenth Amendment does not apply to the State of Georgia. Indeed, this action, for all

intents and purposes, is identical to Swanson's first two lawsuits, which this Court had previously labeled as frivolous and dismissed for, among other things, Swanson's lack of standing. *See Swanson v State of Georgia*, U.S. Dist. Ct. for the S.D. Ga., No. 1:21-cv-00020-JRH-BKE, Doc. 15 (describing Swanson's complaint as frivolous and dismissing for, *inter alia*, Swanson's lack of standing) (*"Swanson I"*): *Swanson v. Raffensperger*, U.S. Dist. Ct. for the S.D. Ga., No. 1:22-cv-011-JRH-BKE, Doc. 11 (dismissing Swanson's complaint for his lack of standing) (*"Swanson II"*). Apparently undeterred by this Court's labeling of his last complaint as frivolous and its persistent conclusion that he lacks standing to bring his frivolous claims, Swanson proceeded to file this practically identical action against the Secretary alleging the same nonsensical legal theories as to why the election of Georgia's senators is unconstitutional. But Swanson's complaint suffers from the same infirmities that his first two did, *i.e.*, lack of standing, mootness, and failure to state a claim upon which relief can be granted. Thus, just like the last two times, this Court should dismiss it.

## FACTUAL BACKGROUND

In Swanson's *pro se* complaint he boldly alleges that "[t]he Seventeenth Amendment has no legal force in the State of Georgia." (Doc. 1 at 4). He claims that because the State of Georgia did not ratify the Seventeenth Amendment, it did not consent to being deprived of its equal suffrage as required by Article

2

V of the Constitution, and thus, popular elections for Georgia's U.S. Senators are not constitutional. (*Id*.). Therefore, according to Swanson, on November 29, 2022, he was issued an illegal ballot for United States Senator, which was authorized by the Georgia Secretary, for the purpose of encouraging illegal voting that could subject him to criminal sanctions. (*Id*.)

For relief, Swanson asks this Court to (1) declare Georgia's most recent senatorial election unconstitutional and void; (2) order the Georgia General Assembly to appoint senators to serve in the United States Senate in accordance with Article 1 Section 3 of the Constitution; (3) order the Georgia Secretary to "cease his encouragement of illegal voting by authorizing illegal ballots for United States Senator for ineligible voters in the State of Georgia[,] in violation of 52 U.S.C. § 10307(c)"; and (4) award him $10,000 in compensatory and punitive damages "for the emotional distress of placing Plaintiff in legal jeopardy of criminal prosecution." (*Id*. at 5).

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction.

#### A. Swanson lacks standing.

Swanson completely lacks standing to bring the claims contained in his complaint, just as this Court determined the last two times Swanson brought them. Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute. *Jacobson v.*

3

*Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (vacating and ordering dismissal of voting rights case due to lack of standing). "If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action." *Id.*

Article III of the Constitution limits the subject-matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2. A party invoking federal jurisdiction bears the burden of establishing standing at the commencement of the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As an irreducible constitutional minimum, Plaintiffs must demonstrate a "[1] concrete, particularized, and actual or imminent [harm]; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010); *see also Lujan*, 504 U.S. at 561. Additionally, as the party invoking federal jurisdiction, Plaintiffs bear the burden at the pleadings phase of "clearly alleg[ing] facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

### 1.  Swanson has not clearly alleged an injury in fact.

Injury in fact is the "first and foremost" of the standing elements. *Id.* at 1547. An injury in fact is "an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). "To establish injury in fact, a plaintiff must show that he or she

suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). The alleged injury must be "*distinct from a generally available grievance about government.*" *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018) (emphasis added). This requires more than a mere "keen interest in the issue." *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018); *see also Lance v. Coffman*, 549 U.S. 437, 440-41 (2007) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree . . . [A] generalized grievance that is plainly undifferentiated and common to all members of the public" is not sufficient for standing).

Swanson, despite this Court providing a detailed analysis on two prior occasions why he lacked standing, asserts the same substantive claims again without a concrete and particularized injury. In fact, Swanson alleges no injury whatsoever. Indeed, the most that can be gleaned from Swanson's complaint regarding his injury is that, if the Seventeenth Amendment does not apply to all the States, then he might face criminal sanction for voting for the senator of his choice through a ballot that he himself chose to cast. But such an alleged injury is not an injury particularized to Swanson that is "distinct from a generally available grievance about government." *Gill*, 138 S. Ct. at 1923. This is because the claims that Swanson raises can be raised by any Georgia citizen, which is insufficient for standing purposes. *See Lance*, 549

5

U.S. at 440-41 (holding that "a generalized grievance that is plainly undifferentiated and common to all members of the public" is not sufficient for standing).

Even if the threat of potential prosecution under Swanson's misreading of the ratification provisions of the federal constitution was real—which it is not—his complaint seeks injunctive relief, both compulsory and prohibitive. *See* Doc. 1 at 5 (*Ad Damnum* clause IV.1 ("order the Gerogia [sic] State Legislature to appoint Senators to the United States Senate in accordance with Article I Sec. 3 of the Constitution") and clause IV.2 ("order that . . . the Georgia Secretary of State[] is to cease his encouragement of illegal voting). As the Eleventh Circuit has held, there is an additional element of standing that a plaintiff must establish when he seeks injunctive relief, namely that the plaintiff must prove a real and immediate threat of future injury, not simply alleging an injury that is purely "conjectural or hypothetical." *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1271 (11th Cir. 2017) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). The potential that someone with prosecutorial authority in Georgia, none of whom have been named as parties to this complaint, might misread the ratification provisions of the federal constitution as Swanson has done and bring a criminal prosecution against Swanson for casting a ballot for United States Senate as he is individually authorized to do by both federal and Georgia law in a process

constitutionally prescribed by the Seventeenth Amendment is so utterly without foundation that it is simply too speculative to be constitutionally sufficient for standing purposes.

Furthermore, Swanson's claims are, in essence, nothing more than a claim that the government did not follow the law—or at least law he thinks is applicable—which is still insufficient to establish standing. As the Eleventh Circuit held in *Wood v. Raffensperger,* a claim that the government has not followed the law, without more, is a generalized grievance, because any voter can raise it. 981 F. 3d 1307, 1314 (11th Cir. 2020). Accordingly, Swanson has failed to allege an injury in fact.

> **2. Any perceived injury Swanson believes he has suffered is neither traceable to nor redressable by the Secretary.**

Not only has Swanson failed to demonstrate, or allege, an injury in fact, he cannot satisfy the causation requirement of standing, which requires there to be "a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quotation omitted). Swanson offers no credible explanation as to how any injury he claims to have suffered would be traceable to any action of the Secretary, especially considering that the election of Georgia's senators was done in accordance with the United States Constitution

as amended by the Seventeenth Amendment, which is discussed *infra*. Therefore, the Secretary could not have caused an injury to Swanson, nor can any injury be traceable to him to support Swanson's Article III standing.

Further, the *Secretary* is not the party who would bring a criminal prosecution under Swanson's warped and legally barren conjecture about a possible future injury. Instead, that duty belongs to the local district attorney. *See* GA. CONST. art. VI, § 8, para. 1(d) ("It shall be the duty of the district attorney to represent the state in all criminal cases in the superior court of such district attorney's circuit."). Additionally, even Swanson realizes that the *Secretary* is not the individual who could effectuate the consequential relief that he seeks, namely the appointment by legislative election of Georgia's United States Senators, as he seeks a mandatory injunction against the unnamed "Gerogia [sic] State Legislature" effectuating that relief. (*See* Doc. 1 at 5).

To the extent that Swanson's claims are predicated upon the ability of the Secretary, either volitionally or upon order of this Court, to undo either the 2020 or 2022 Senatorial election results and remove Georgia's two senators from office, his claims fail because that relief is beyond the ability of the Secretary to redress. Once Georgia's election results have been certified (which they have been) and the properly elected United States Senators have been sworn into office (which they likewise have been), it is the *exclusive*

constitutional province of the United States Senate to determine whether its members hold the requisite qualifications. *See* U.S. CONST. art. I, § 5, cl. 1.

Accordingly, Swanson lacks Article III standing to bring claims against the Secretary, and this Court should dismiss them.

### B.     Swanson's claims are moot.

Swanson asks this Court to declare Georgia's most recent senatorial election unconstitutional and void. However, due to the certification of the December 6, 2022 Georgia Senate Runoff Election and the swearing in of elected senators, Swanson's claims are moot. A case is moot when it "no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cty.*, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004). Mootness is jurisdictional—because a federal court may only adjudicate cases and controversies, and a ruling that cannot provide meaningful relief is an impermissible advisory opinion. *Id.*

The Eleventh Circuit held in *Wood* that a federal challenge to the certification of the 2020 Presidential Election results in Georgia were moot. The Court reasoned that "'[w]e cannot turn back the clock and create a world in which' the 2020 election results are not certified." *Wood*, 981 F.3d at 1317 (quoting *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015)). Accordingly, the same principles that the 11th Circuit applied in *Wood* with regard to attempts to overturn the 2020 presidential election after it had

9

already been certified applies to this case, as the Court "cannot prevent what has already occurred." *De La Fuente v. Kemp*, 679 F. App'x 932, 933 (11th Cir. 2017).

Furthermore, while Swanson seeks to have Georgia's most recent senate election declared void after it has already been certified, he cites no authority whatsoever to support the notion that this Court could order such relief. If Swanson believed that the Senate election was invalid, Georgia provides an adequate remedy at law by setting forth the procedures for a state law election contest to be initiated in the Superior Court of Fulton County. *See* O.C.G.A. §§ 21-2-520, *et seq.*[1] Further, as noted *supra*, once Georgia's election results have been certified and the properly elected United States Senators have been sworn into office, it is the *exclusive* constitutional province of the United States Senate to determine whether its members hold the requisite qualifications. *See* U.S. CONST. art. I, § 5, cl. 1.

Federal courts lack the powers necessary to either turn back the clock to a time before state returns were certified or to deprive the United States Senate of its exclusive authority to issue the relief Swanson is asking for once

---

[1] The fact that the time for filing such a contest has passed and Swanson cannot avail himself of that process at this juncture is due to decisions made by Swanson and does not salvage any of his claims in this action, all of which are devoid of *any* cognizable legal or meritorious argument.

10

a properly elected Georgia senator has taken the oath of office. Thus, Swanson's claims are moot, and they must be dismissed by this Court.

### III. Swanson Has Failed to State a Claim Upon Which Relief can be Granted.

Swanson's complaint is entirely frivolous and has no basis in law, and should therefore be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Rule 12(b)(6) authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). When analyzing a motion under Rule 12(b)(6), this Court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). Despite this, however, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Swanson alleges that the election of Georgia's U.S. Senators is unconstitutional and void because Georgia did not ratify the Seventeenth

11

Amendment. (Doc. 1 at 4). He claims that Georgia did not ratify the Seventeenth Amendment, and thus, it did not consent to being deprived of "its equal suffrage" in the Senate in accordance with Article 5 of the Constitution. (*Id*.).

Swanson's legal claims are risible. It is true that United States Senate used to be composed of two senators from each State, "chosen by the Legislature thereof[.]" U.S. Const. Art. I, § 3, Cl 1. However, that process was amended over 100 years ago through the ratification of the Seventeenth Amendment in 1913, which provides that Senators from each State shall be "elected by the people." U.S. Const. Amend. 17. It is inconsequential that Georgia did not ratify the Seventeenth Amendment, because (1) the Seventeenth Amendment was passed in accordance with Article V absent Georgia's vote and (2) once the Seventeenth Amendment was ratified it became part of the Constitution, which is the supreme law of the land that Georgia, a State in the Union, cannot simply ignore. *See* U.S. Const. Art. VI, Cl. 2.

Swanson's allegations that the Seventeenth Amendment does not apply because Georgia did not ratify it, and thus, did not consent to being "deprived of its equal suffrage in the Senate" under Article V of the Constitution, (Doc. 1 at 4), completely misinterprets that Article. Article V of the Constitution, titled "Amendment of Constitution," authorizes and regulates amendments to the Constitution, "provided, . . . that no state, without its consent, shall be deprived

of its *equal* suffrage in the Senate." U.S. Const. Art. V. The Supreme Court has stated that this last provision of Article V "constitutes a *limitation upon the power of amendment*," *Barry v. United States*, 279 U.S. 597, 615 (1929) (quoting U.S. Const. Art. V), and that it "exclude[s] any amendment which will deprive any State, without its consent, of its equal suffrage in the Senate." *Dillon v. Gloss*, 256 U.S. 368 (1921). Thus, Article V means that, in order for a constitutional amendment that gives one or more states *more or less senators than any another state* to be ratified, every state in the Union must ratify it as opposed to the usual three-fourths requirement. The Seventeenth Amendment did no such thing, however, and instead merely changed how every state's senators are selected—from appointment by the state legislature to popular vote—and therefore was subject to the normal three-fourths-ratification requirement.

Moreover, Swanson's premise that constitutional amendments to the constitution are not valid in a particular state simply because that state did not ratify it enters into the realm of absurdity. Article V *does not* state that Amendments to the constitution are effective when three fourths of the states ratify them except in the states that did not. Instead, it states that constitutional amendments "shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three fourths of the several states." Const. Art. V. Thus, once an Amendment is ratified, it binds

13

all states, even those who did not ratify them. If Swanson's indecorous understanding of the constitution carried the day, then, for example, the States of South Carolina, Louisiana, Mississippi, Georgia, Arkansas, Wyoming, Oklahoma, and Arizona could still require the payment of a poll tax to vote because these states did not ratify the Twenty-Fourth Amendment.[2] Fortunately, that's not how our constitution works. *See Harman v. Forssenius*, 380 U.S. 528, 540 (1965) ("Upon adoption of the [24th] Amendment, of course, *no State* could condition the federal franchise upon payment of a poll tax.") (emphasis added).[3]

Accordingly, Swanson fails to state a claim upon which relief can be granted, and this Court should dismiss it pursuant to Rule 12(b)(6).

---

[2] *See* Certification of the 24th Amendment, available at https://catalog.archives.gov/id/63550287 (pages 85-88).

[3] People would also be flocking to Utah, Florida, Rhode Island, Virginia, Connecticut, and Pennsylvania because their income would not be subject to federal income tax under the Sixteenth Amendment, *see* Certification of the Sixteenth Amendment, available at https://catalog.archives.gov/id/63544668 (pages 109-112); 18 through 20 year olds would not be allowed to vote pursuant to the Twenty-Sixth Amendment in Kentucky, Mississippi, Florida, West Virginia, North Dakota, South Dakota, Utah, and New Mexico, *see* Certification of the Twenty-Sixth Amendment, available at https://catalog.archives.gov/id/1636091 (pages 1-2); and prohibition would still exists in Georgia, South Carolina, North Carolina, Louisiana, Mississippi, Kansas, Nebraska, North Dakota, South Dakota, and Oklahoma due to those states' failure to ratify the Twenty-First Amendment repealing the Eighteenth Amendment, *see* Certification of the Twenty-First Amendment, available at https://catalog.archives.gov/id/63547845 (pages 85-88), none of which is true.

## **CONCLUSION**

For the foregoing reasons, Swanson's claims against the State of Georgia must be dismissed.

Respectfully submitted, this 9th day of January, 2023.

                Christopher M. Carr    112505
                Attorney General

                Bryan K. Webb    743580
                Deputy Attorney General

                <u>/s/ Russell D. Willard</u>
                Russell D. Willard    760280
                Senior Assistant Attorney General
                40 Capitol Square SW
                Atlanta, Georgia, 30334
                rwillard@law.ga.gov
                (404) 656-3300

                *<u>/s/ Lee M. Stoy, Jr.</u>*
                LEE M. STOY, JR.    884654
                Assistant Attorney General
                Office of the Georgia Attorney General
                40 Capitol Square SW
                Atlanta, Georgia, 30334
                lstoy@law.ga.gov
                404-458-3661

                *Attorneys for the Secretary*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the forgoing **BRAD RAFFENSPERGER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS COMPLAINT** with the Clerk of Court using the CM/ECF system, and have mailed a copy via United States first class mail, postage prepaid, to:

>Brian D. Swanson
>1805 Prince George Ave.
>Evans, Georgia
>30809

Dated:  January 9, 2023

>*/s/ Lee M. Stoy, Jr.*
>Lee M. Stoy, Jr.          884654
>Assistant Attorney General