IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRIAN D SWANSON | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 1:22-cv-152-JRH-BKE |
| v. | ) |
| | ) |
| BRAD RAFFENSPERGER | ) |
| *Secretary of State for the State of Georgia* | ) |
| Defendant. | ) |

## PLAINTIFF'S OPPOSITION TO THE SECRETARY'S MOTION TO DISMISS

### INTRODUCTION

The fact that the State of Georgia did not ratify the Seventeenth Amendment is not in dispute in this case. Whether the Seventeenth Amendment deprives the State of Georgia of its equal suffrage in the Senate requiring its consent under Article 5 of the Constitution, and whether the Secretary has injured Mr. Swanson by encouraging his participation in an unconstitutional popular election for United States Senator in violation of 52 U.S.C. § 10307(c) by issuing Mr. Swanson an illegal ballot and encouraging him to cast an illegal vote, are in dispute. These are unique

constitutional questions that have never been decided by any court and therefore, Mr. Swanson contends that these questions cannot be frivolous.

To survive a Rule 12(b) (6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The "factual allegations must be enough to raise a right to relief above the speculative level." *Patton v. Rowell*, 678 F. App'x 898, 900 (11th Cir. 2017) (per curiam) (citation omitted).

As for *pro se* plaintiffs, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "Even though a pro se complaint should be construed liberally, [it] still must state a claim upon which the [c]ourt can grant relief." *Wilson v. Vanalstine*, No. 1:17-cv-615-WSD, 2017 WL 4349558, at *2 (N.D. Ga. Oct. 2, 2017) (quoting *Griqsby v. Thomas*, 506 F. Supp. 2d 26, 28 (D.D.C. 2007)). Mr. Swanson has satisfied the legal requirements to survive a Rule 12(b)(1) and (6) motion to dismiss.

## ARGUMENT

While his arguments may be inartfully pleaded, Mr. Swanson has demonstrated standing and provided a sufficient claim upon which relief may be granted.

**1. This Court Has Subject Matter Jurisdiction.**

**A. An injury has been clearly alleged and stated.**

Mr. Swanson has suffered an injury in fact. The illegal actions of Secretary Raffensperger have placed Mr. Swanson in legal jeopardy including a possible $10,000 fine and five years' imprisonment for casting an illegal vote. This is a concrete and particularized injury traceable to the Secretary.

Mr. Swanson is a registered voter in the State of Georgia, but the State of Georgia did not ratify the Seventeenth Amendment, which means Mr. Swanson is not eligible to vote for United States Senator in the State of Georgia. Thus, when the Secretary conducts a popular election for Senator on his own authority in violation of Article 1 Section 3 of the Constitution by issuing illegal ballots and encouraging Mr. Swanson to cast an illegal vote in violation of 52 U.S.C. § 10307(c) he puts Mr. Swanson in legal jeopardy of a fine and imprisonment. The threat of fine and imprisonment constitutes "an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.,* 964 F.3d 990, 996 (11thCir. 2020). This

injury in fact was committed by the Secretary of State when he conducted an unconstitutional popular election for United States Senator and issued illegal ballots to Mr. Swanson in violation of both the Constitution and 52 U.S.C. § 10307(c).

According to the Secretary's website[1], "The Elections Division of the Secretary of State's Office organizes and oversees all election activity for the State of Georgia." This includes organizing the U.S. Senate election, authorizing the use of ballots and certifying the election. If the election for U.S. Senator is unconstitutional and if the ballots are illegal, then the errors can be traced directly to the Secretary.

The fact that other voters may suffer the same injury does not negate the concrete and particularized injury suffered by Mr. Swanson or make his complaint a generalized grievance. "Often the fact that an interest is abstract and the fact that it is widely shared go hand in hand. But their association is not invariable, and where a harm is concrete, though widely shared, the Court has found 'injury in fact.'" *Federal Election Commission v. Akins,* 542, U.S. 11 (1998). See *Public Citizen* v. *Department of Justice,* 491 U. S. 440, 449-450. ("The fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure ... does not lessen [their] asserted injury.") The Secretary cited *Wood v. Raffensperger,* 981 F.3d 1307 1314 (11th Cir. 2020) as an example of

---

[1] https://sos.ga.gov/elections-division-georgia-secretary-states-office

a generalized grievance, but Mr. Wood was not in danger of legal prosecution. And if the Secretary's actions place Mr. Swanson in legal jeopardy, the identity of the prosecutor is irrelevant. Mr. Swanson may be subject to prosecution based on the Secretary's actions, and even if other voters might share the same fate, it does not lessen his asserted injury and thus Mr. Swanson has suffered an injury in fact.

### B. Mr. Swanson's complaint is not moot.

The Secretary argues that the case is moot because the election has already been certified. The Secretary asserts that, "Swanson seeks to have Georgia's most recent senate election declared void after it has already been certified, he cites no authority whatsoever to support the notion that this Court could order such relief" (Motion at 10). This statement is inaccurate. This Court has the authority to declare the senate election unconstitutional, "a law repugnant to the Constitution is void, and the courts, as well as other departments, are bound by that instrument." *Marbury v. Madison* 5 U.S. 137 (1803). If the popular election for United States Senator in the State of Georgia violates the Constitution, then the election is void. The authorities cited by the Secretary to support his mootness claim are inapplicable to this case because Plaintiff is not challenging the certification of the election. Plaintiff is challenging the constitutionality of the election because the State of Georgia has

5

refused to ratify the Seventeenth Amendment. The certification of an unconstitutional election cannot be a defense to overthrowing the Constitution itself. If the election is unconstitutional, then to this date, no senators from the State of Georgia have been constitutionally selected and the controversy remains.

The Supreme Court has declined to deem cases moot that present issues or disputes that are "capable of repetition, yet evading review." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007); *Spencer v. Kemna*, 523 U.S. 1, 17–18 (1998). This exception to the mootness doctrine applies "only in exceptional situations" in which (1) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration;" and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17–18 (1998). In the Court's opinion, if this exception to mootness did not exist, then certain types of time-sensitive controversies would become unreviewable by the courts. Mr. Swanson's complaint satisfies both of these requirements. First, the time between an election and the certification of an election is too short to litigate Mr. Swanson's constitutional complaint. If the certification of an unconstitutional election foreclosed the complaint, then Mr. Swanson's dispute could never be reviewed by the courts. Second, Mr. Swanson will suffer the same injury during the next Georgia election for U.S. Senator and he

will be in jeopardy again of a $10,000 fine and five years' imprisonment for casting an illegal vote.

Mr. Swanson's complaint is not moot.

### 2. Mr. Swanson Has Stated A Valid Claim Upon Which Relief May Be Granted.

Article 5 contains an exception to the amendment process. Normally, an amendment is valid upon all states after three-fourths of the states have ratified it. But, Article 5 states that, "no State, without its consent shall be deprived of its equal suffrage in the Senate." The Seventeenth Amendment triggers this exception to the ratification process because the popular election of Senators authorized by the Amendment deprives the State of its equal suffrage in the Senate.

Our federal system of government has a dual nature. In "The Federalist #39," James Madison describes our system as being partly national and partly federal, explaining the difference this way:

> The difference between a federal and national government, as it relates to the operation of the government, is supposed to consist in this, that in the former the powers operate on the political bodies composing the Confederacy, in their political capacities; in the latter, on the individual citizens composing the nation, in their individual capacities

Our system combines the federal and national principles of government in Congress so that both the people, in their individual capacities, and the States, in their political

capacities, are represented in Congress. Both the people and the States are subject to federal law, and so in a just system they must both be represented in Congress. This dual representation is accomplished by the different methods for electing the House and Senate. In #39 Madison observes:

> The House of Representatives will derive its powers from the people of America…So far the government is NATIONAL, not FEDERAL. The Senate, on the other hand, will derive its powers from the States, as political and coequal societies…So far the government is FEDERAL, not NATIONAL.

The House of Representatives is elected by the people, in their individual capacities, which represents the national principle of government. The Senate is elected by the States, in their political capacities, which represents the federal principle of government. These two principles are combined to create a just system of representation in which both the States, as political entities, and the people, as individuals, are subject to federal law. Election by the state legislature, is what is meant by the "State" or "State Government" having representation in the Senate. In "Federalist #62," Madison explains:

> It is equally unnecessary to dilate on the appointment of senators by the State legislatures…It is recommended by the double advantage of favoring a select appointment, and of giving to the State governments such an agency in the formation of the federal government as must secure the authority of the former, and may form a convenient link between the two systems.

It is clear that "the State governments" are meant to be a constituent part of the federal system. Appointment by the State legislature gives the State government suffrage in the Senate. In our political system, as originally designed, the State governments have suffrage in the Senate, while the people of the State have suffrage in the House of Representatives.

The Seventeenth Amendment alters this relationship. After the Seventeenth Amendment, the people elect the Senators, not the State. This means that the people have suffrage in the Senate, not the State. If the State of Georgia ratifies the Seventeenth Amendment, the people of Georgia will have two Senators, but the State of Georgia will have no Senators. If the State of Georgia has no suffrage in the Senate, then it does not have equal suffrage either. The popular election of Senators unexpectedly triggers the exception to the ratification process found in Article 5 of the Constitution because the Seventeenth Amendment deprives the State of all of its suffrage in the Senate and as a consequence, the Amendment deprives the State of its equal suffrage as well. The State cannot be deprived of its suffrage in the Senate without its consent. The State of Georgia did not consent.

The Secretary admits in his motion that the State of Georgia did not ratify the Seventeenth Amendment. He states, "It is inconsequential that Georgia did not ratify the Seventeenth Amendment, because (1) the Seventeenth Amendment was passed

9

in accordance with Article V absent Georgia's vote" (Motion at 12) and therefore this is a factual matter that is not in dispute. The dispute is whether the Seventeenth Amendment deprives the State of Georgia of its equal suffrage in the Senate requiring its consent and whether Mr. Swanson suffers an injury claim upon which relief may be granted if The Secretary has encouraged him to cast an illegal vote in violation of 52 U.S.C. § 10307(c).

When analyzing a motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). Construing the facts in this complaint in the light most favorable to Mr. Swanson must result in the denial of the Secretary's motion to dismiss because Mr. Swanson has presented a sufficient factual matter, if accepted as true, that does state a claim to relief that is plausible on its face. Additionally, the constitutional questions presented here are unprecedented and have never been decided by any court, which is sufficient to properly invoke federal jurisdiction.

## CONCLUSION

The Seventeenth Amendment deprives the State of Georgia of its equal suffrage in the Senate and requires the State's consent under Article 5 of the Constitution

before the Amendment is valid in the State of Georgia. The State of Georgia did not ratify the Amendment and did not consent to be deprived of its equal suffrage in the Senate and therefore, popular elections for United States Senator are unconstitutional in the State of Georgia. The Secretary has injured Mr. Swanson by giving him no other choice but to participate in an unconstitutional popular election for United States Senator in violation of 52 U.S.C. § 10307(c) by issuing to Mr. Swanson an illegal ballot and encouraging him to cast an illegal vote. The Secretary's actions put Mr. Swanson in jeopardy of legal prosecution, which constitutes an injury claim upon which relief may be granted. Mr. Swanson has established that he has standing and that this Court has subject-matter jurisdiction to hear this case.

For the foregoing reasons, Plaintiff respectfully requests that the Secretary's Motion to Dismiss be denied.

Respectfully submitted, this 17th day of January, 2023.

Brian D. Swanson
1805 Prince George Ave
Evans, GA 30809
(831)601-0116
email: swansons6@hotmail.com

## CERTIFICATE OF SERVICE

I Hereby certify that on this 17th day of January, 2023, a copy of this response was mailed to the following individuals by United States Postal Service:

Russell D. Willard
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334

_____
BRIAN D. SWANSON
Plaintiff, pro se