IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRIAN D. SWANSON,                  *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *          CV 122-152
                                   *
BRAD RAFFENSPERGER,                *
                                   *
        Defendant.                 *

_____

O R D E R

_____

Before the Court is Defendant's motion to dismiss.  (Doc. 7.)

For the following reasons, Defendant's motion is **GRANTED**.


## I. BACKGROUND

Plaintiff Brian Swanson, proceeding *pro se*, brings the
present action against Defendant, Georgia's Secretary of State
Brad Raffensperger, for holding the December 6, 2022 United States
Senate runoff election ("the Runoff Election") in Georgia.[1]  (Doc.
1, at 4.)   Plaintiff alleges the Runoff Election was
unconstitutional and seeks an order declaring the same, as well as
a court order instructing "the Georgia State Legislature to appoint

_____

[1] Although this is the first action Plaintiff brings to challenge the Runoff
Election, he has brought two other actions challenging the November 3, 2020
general election that this Court dismissed for lack of subject matter
jurisdiction.  See Swanson v. Raffensperger, No. 1:22-cv-011, 2022 WL 16964751
(S.D. Ga. Nov. 16, 2022) (dismissed for lack of subject matter jurisdiction
because Plaintiff lacked standing); see also Swanson v. State of Georgia, No.
1:21-cv-020, 2022 WL 193726 (S.D. Ga. Jan. 20, 2022) (same).

Senators to the United States Senate in accordance with Article 1
Sec. 3 of the Constitution." (Id. at 5.)  Plaintiff also seeks a
court order directing Secretary Raffensperger "to cease his
encouragement of illegal voting by authorizing illegal ballots for
United States Senator for ineligible voters in the State of Georgia
in violation of 52 U.S.C. § 10307(c)" and an award of $10,000 in
compensatory and punitive damages "as compensation for the
emotional distress of placing Plaintiff in legal [jeopardy] of
criminal prosecution due to Defendant's illegal actions and as a
deterrent against Defendant continuing his illegal activity in the
future." (Id.)  Defendant moves to dismiss Plaintiff's claims for
lack of standing, mootness, and failure to state a claim. (Doc.
7-1, at 2.)  For the reasons explained below, Defendant's motion
is **GRANTED**.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and an
action may proceed in federal court only if subject matter
jurisdiction exists. Bochese v. Town of Ponce Inlet, 405 F.3d
964, 974-75 (11th Cir. 2005).  Federal Rule of Civil Procedure
12(b)(1) permits litigants to move for dismissal when the court
lacks jurisdiction over the subject matter of the dispute. FED. R.
CIV. P. 12(b)(1).  "A federal court must always dismiss a case upon
determining that it lacks subject matter jurisdiction, regardless

2

of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (citations omitted).

"Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese, 405 F.3d at 974; see also Austin & Laurato, P.A. v. U.S., 539 F. App'x 957, 960 (11th Cir. 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy"), cert. denied, 571 U.S. 1201 (2014). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese, 405 F.3d at 974.

The party invoking federal jurisdiction — in this case, Plaintiff — bears the burden of establishing standing. Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir. 2000) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). "[E]ach element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" Id. (quoting Defs. of Wildlife, 504 U.S. at 561). Thus, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim."

Defs. of Wildlife, 504 U.S. at 561 (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)); see also Bischoff, 222 F.3d at 878 ("[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing.").

> The three requirements for Article III standing are familiar: the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; that injury must be 'fairly traceable to the challenged action of the defendant'; and it must be 'likely . . . that the injury will be redressed by a favorable decision.'

Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (quoting Defs. of Wildlife, 504 U.S. at 560-61).

## III. DISCUSSION

Plaintiff fails to allege an injury sufficient to establish standing. "A 'concrete' injury must be 'de facto' – that is, it must be 'real, and not abstract.'" Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (citation omitted). "[A] plaintiff seeking relief in federal court must . . . [have] a personal stake in the outcome . . . distinct from a generally available grievance about government." Gill v. Whitford, 138 S. Ct. 1916, 1923 (2018) (internal quotation marks and citation omitted).

Here, Plaintiff alleges that he was "issued an illegal ballot for United States Senator that was authorized by [Defendant]," which subjects him to possible criminal prosecution for casting a "potentially illegal vote" in violation of 52 U.S.C. § 10307(c). (Doc. 1, at 4.)   Specifically, Plaintiff claims that he may be subject to a $10,000 fine and up to five years of imprisonment "due to the [Defendant]'s illegal actions," and "[Defendant] may be guilty of over 4,000,000 individual acts of encouraging illegal voting under 52 U.S.C. § 10307(c), and subject to $40 billion in fines and 20 million years [of] imprisonment." (Id.)   Plaintiff alleges that because the Runoff Election was unconstitutional, his "concrete and particularized injury traceable to the [Defendant]" is the possibility of a fine and imprisonment for violating 52 U.S.C. § 10307(c).   (Doc. 9, at 3.)   However, Plaintiff's allegation that the Runoff Election was unconstitutional is a generalized grievance because he cannot explain how his interest in upholding the Constitution is different from that of any other person.   See e.g., Gill, 138 S. Ct. at 1923.   Moreover, even assuming the Runoff Election was unconstitutional and subjected Plaintiff to possible criminal prosecution, Plaintiff still cannot explain how the possible criminal prosecution is "undifferentiated and common to all members of the public" who voted in the Runoff Election.   Defs. of Wildlife, 504 U.S. at 575 (internal quotation marks omitted).   Therefore, Plaintiff's alleged injuries are

insufficient to establish standing, and thus, the Court lacks subject matter jurisdiction over this case.[2]   Accordingly, Plaintiff's claims are **DISMISSED**.

Finally, the Court warns Plaintiff that should he continue to file frivolous lawsuits, his ability to seek redress with this Court will be sharply limited.   See <u>Cofield v. Ala. Pub. Serv.</u> <u>Comm'n</u>, 936 F.2d 512, 517 (11th Cir. 1991) (holding that access to courts "may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings").

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 7) is **GRANTED**.   The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because Plaintiff lacks standing to bring this suit, the Court does not address Defendant's remaining arguments.